I'd like to just make it pretty short, pretty to the point. I mean, this is a case where it seems that there is clear error when the district court judge sentenced the brother that seemed to be at least as perhaps more culpable than him, than my client. The salient fact that seems to be the difference here that strikes me is that they have a lot of similar situations. In fact, in some ways, my client may have been less involved in his brother, except for the introductions. But that's the way conspiracies work anyway, and that may not be the most important fact. What we see here is that the brother, Israel Hernandez, took an early plea and cooperated and testified. And that may have been the factor that may have influenced the court. We just don't see from the record what influenced the court to deny my client a minor role when he gave the same role to his brother. It seems a disparity that cooperation or those kind of factors entering a plea on the day of trial would factor into a sentencing, the sentencing considerations of the court. Well, Mr. Bergener, this, the transcript of the sentencing of Mr. Rafael Hernandez does seem to be a bit more detailed than with regard to Mr. Gowanus, whose transcript we were just reviewing. I'm looking at ER 265 and 266, where the district judge did go through the evidence against your client pretty specifically, talking about basically three factors, the fact that he distributed finished products, that he was involved in setting up the lab in Tecate, and that he, I guess the word was recruited or somehow introduced his brother into the conspiracy. Why isn't that sufficient to, as a matter of fact, to support the district court's refusal to give him a lesser sentence? Well, my argument, Your Honor, would be that it does not take into account all the factors that he considered for his brother. That is, but in the Clemenvisius case states, in my opinion, in our position, that they have to be compared to the co-defendants, the actual co-defendants. Well, there were a lot, though. He did compare them to the two kingpins. And he said he clearly wasn't in that league. Right. And then, therefore, and then he talked about a somewhat cryptic remark about he's been with this case for a long time. Some people who have pled got minor role and some didn't. So he sort of lays it out that he's looking at more than just Israel. You're zeroing in on Israel and say he's the most comparable and, therefore, the sentencing decision should be the same. Exactly. And you're suggesting that because Israel pled, the judge is impermissibly allowing that to influence his judgment on minor role. Judge, I'm only speaking of what appears to be on the record and an obvious disparity there between the two. The judge has not stated, the district court judge has not stated on the record whether that was an influence in his decision. No, I know he didn't. But you mentioned it, so I'm just trying to figure out what you were saying. And that's a concern. I mean, that's an obvious one of the few besides the attributions and the relative role that the court allowed in this case. That's one of the few real distinctions that we see based on the facts from my review of the sentencing memorandum and some of the facts of the case. OK. All right. Thank you. Thank you. Please, the court, I'm David Kernel for the United States. In any of these role cases, you basically have a three-tiered system. You have the big guys, the little guys, and everybody who's in between. And in this case, you have Alba and Forrester, who are the big guys, and they get an upward adjustment for role. The little guys are Chavez and Israel Hernandez, and they get the reduction in role. And then you have everybody in between. And Rafael Hernandez, our defendant here, is one of the in-between people. And it's clear that this judge, having presided over the entire case and having heard Israel testify, was intimately aware of what Israel's role was in this particular situation and could compare it to what Rafael, his brother, our defendant, his role was. And so it's clear that the judge gave this a lot of thought and was in a position to give it a lot of thought. And we find that, in fact, that you have Rafael attempting to set up the lab, Rafael lobbying Alba and Forrester to be one of the main distributors. He was a distributor, certainly not of huge quantities, but he did 5,000 and 10,000 pill lots. It's a significant amount of pills. And the only person that Israel sold pills to was a person that Rafael, our defendant, set him up with. So anything that Israel did in this conspiracy was a result of something that Rafael helped him with. And not only that, but we also see that whenever Alba and Forrester had some problem with what Israel was doing at the lab site in his tasks of either being a carpenter or just stirring the brew, they would call on Rafael to call and try and straighten his brother out, which, in fact, he did. So there is a difference between the two, and this particular judge was in a position to evaluate that, and we submit did so in a proper way. Okay. All right. May I just respond to that? Yeah, you have time for a rebuttal. Thank you. My colleague's argument, I think, is funny. You have two big fish, two little fish, and then 14 middlemen. That doesn't seem the way that these structures work. You have the larger couple of people at the top of the pyramid. So you think it has to be a pyramid, that there have to be more at the bottom than there are at the top of the pyramid? I think it's a logical organizational relation. I don't think it's an oblong or football shape usually. I mean, it's got to be just – there's got to be, it seems to me, more worker bees than king bees or top bees. So I just – You quarrel with the geometric model. Presented by the prosecutor. Yes, I see. Well, that's fair enough. Okay, fine. Thank you very much. Well, counsel, I'm sorry you all had to make a lot of trips, but this started out as a broader case and we wanted to give you all a chance to argue. So we appreciate you being here. Thank you. All right. Thank you. The case argued is submitted and we will stand and recess.
judges: Goodwin, Fisher, Tallman